## North Side Sash and Door Company, Defendant in Error, v. Mary Schuetz, Plaintiff in Error.

### Gen. No. 18,730.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 9, 1914.

## Statement of the Case.

The North Side Sash and Door Company, plaintiff, a subcontractor, recovered judgment for a mechanic's lien on premises belonging to defendant, Mary Schuetz, and to review this judgment, which was rendered in the Municipal Court of Chicago, the defendant brought error.

CARL O. BEROTH, for plaintiff in error; GEORGE W. STOCKWELL, of counsel.

SOBOROFF & NEWMAN, for defendant in error; SAMUEL W. NEWMAN, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1.  MECHANICS' LIENS, § 135*—*when finding as to terms of original contract sustained by the evidence.* Where one copy of a contract executed in duplicate between an original contractor and an owner contained a provision that the building should be constructed free from liens and the other contained no such provision, the evidence is *held* to justify a finding that the contract when executed contained no provision that there should be no liens.

2.  MECHANICS' LIENS, § 90*—*when contractor's statement to*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*owner sufficient.* When the original contractor furnishes the owner a sworn statement showing the names of subcontractors and the amounts due them, it will be presumed sufficient notice to the owner of the amount owing the plaintiff, a subcontractor, if the statement has been omitted from the bill of exceptions.

3. APPEAL AND ERROR, § 1021*—*when objection to amount of judgment not presented for review.* The objection that the judgment exceeds the amount named in the summons cannot be raised if the abstract of the summons does not show the amount claimed, and the judgment is not in excess of the amount claimed in the statement of claim.

4. APPEAL AND ERROR, § 806*—*presumption when exhibits not included in bill of exceptions.* When the bill of exceptions does not include all the exhibits at the trial, the sufficiency of the missing documents to justify the finding of the trial court will be presumed.